## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

ANTHONY TURNER-McNEILL, JR.
475 Ridgewood Drive
Southern Pines, NC   28387

    Plaintiff

    v.

HAMZE DAHIR NUR  :  Case #
1300 Autumn Drive, Apt. 109
Fairbault, MN 55021

    and

KARDAN TRUCKING, INC.
8520 Allison Pointe Boulevard
Suite 220
Indianapolis, IN 46250

<u>Serve</u>:
Sarvar Muradov, Resident Agent
8520 Allison Pointe Boulevard
Suite 220
Indianapolis, IN 46250

    Defendants

## COMPLAINT

**COMES NOW**, Plaintiff, Anthony Turner-McNeill, Jr. (hereinafter "Plaintiff"), by counsel, Justin S. Dross, Esquire and Dross Berman LLC, and files this lawsuit against Defendants, and state in support thereof as follows:

### PARTIES AND JURISDICTION

1. The Plaintiff in this matter is an adult resident of North Carolina residing at 475 Ridgewood Drive, Southern Pines, North Carolina.

2. Upon information and belief, Defendant Hamze Dahir Nur (hereinafter "Nur") is an adult male residing in Fairbault, Minnesota.

1

3. Upon information and belief, Defendant Kardan Trucking, Inc. (hereinafter "Kardan Trucking") is an interstate trucking company with principal offices located in Indianapolis, Indiana.

4. Jurisdiction in this matter is proper pursuant to 28 U.S.C. Section 1332 in that there is diversity of Citizenship of the Parties and the amount in controversy exceeds $75,000.00.

5. Venue is proper in this Court as the incident at issue in this matter occurred in Dinwiddie County, Virginia.

## FACTS

6. On or about September 23, 2020, at approximately 2:00 p.m., Plaintiff was operating his motor vehicle on northbound Interstate 85 at or near mile marker 4860 in Dinwiddie County, Virginia. Plaintiff was traveling in the left lane.

7. At said time and place, Defendant Nur , acting individually and within the scope of his employment, and as agent for defendant Kardan Trucking, Inc., was operating a tractor-trailer traveling in the right lane on Interstate 85, ahead of Plaintiff's vehicle.

8. At said time and place, Defendant Nur made an unsafe lane change in front of Plaintiff's vehicle causing an impact between the said vehicles and thereby causing Plaintiff to veer off of the roadway and strike a ditch causing Plaintiff's vehicle to overturn causing serious and permanent injuries to the Plaintiff.

9. At all times relevant herein, it was the duty of Defendant Nur to use ordinary and reasonable care in the operation of his vehicle, to keep the vehicle he was driving under proper control, to pay full time and attention to the operation of said vehicle, to yield the right of way, to obey all traffic and safety laws and regulations, and/or to drive said vehicle in a reasonable, careful, and prudent manner with due regard for the safety of others.

10. Defendant Nur's actions as described above, violate each and all of the aforementioned duties, which violation constituted negligence, and which negligence was the sole, direct and proximate cause of the aforementioned collision with Plaintiff.

11. Defendant Nur's negligent acts and/or omissions include but are not limited to the following:

   a. failure to yield the right-of-way; and/or
   b. failure to make a safe lane change; and/or
   c. failure to timely apply brakes; and/or
   d. failure to avoid the collision; and/or
   e. failure to maintain his vehicle under proper control; and/or
   f. failure to keep a proper lookout; and/or
   g. failure to pay full time and attention to the operation of her motor vehicle; and/or
   h. failure to comply with the applicable Commonwealth of Virginia Motor Vehicles Regulations then and there in effect; and/or
   i. failure to otherwise operate said vehicles in a reasonable, careful, and prudent manner.

12. The actions of Defendant Nur, listed in paragraph 11 above, were in violation of Virginia Code §46.2-833.

13. Section 46.2-833 of the Code of Virginia, was enacted for safety and benefits of motorists, a class to which the Plaintiff was a member.

14. As a direct and proximate result of the negligence of Defendant Nur, for which Defendant Kardan Trucking is vicariously liable, Plaintiff has sustained damages, including but not limited to physical injuries, extreme mental anguish, physical and emotional pain and suffering, lost income, pecuniary damages, and other damages, all of which have been present since the happening of the occurrence, and all of which are continuing and/or permanent.

## AD DAMNUM

WHEREFORE, the Plaintiff demands judgment against the Defendants,

Hamze Dahir Nur and Kardan Trucking, Inc., individually and/or jointly and severally, for compensatory damages in the amount of TWO MILLION ($2,000,000.00), plus costs on his behalf expended, and interest from the date of negligence in this case, as allowed by law.

Respectfully submitted,

DROSS BERMAN LLC

Joshua S. Berman (Bar #84720)
11140 Rockville Pike, Suite 500
Rockville, MD 20852
(240)403-7200 / (240)667-1673 (fax)
Josh@drossberman.com

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests trial by jury.

Joshua S. Berman (Bar #84720)

4